# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAVO BEVERAGE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAVY COFFEE COMPANY and JAVY COFFEE LLC, <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Javo Beverage Company, Inc. ("JBC") brings this complaint against Defendants Javy Coffee Company and Javy Coffee LLC (collectively "Defendants") for injunctive relief and damages, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, deceptive trade practices, unjust enrichment and cancellation of U.S. Trademark Registration No. 6514951.

## THE PARTIES

2. JBC is a Delaware corporation with its headquarters in Vista, California.

3. On information and belief, Javy Coffee Company is a corporation incorporated in Delaware with its principal place of business at 1501 Haines Street, Jacksonville, Florida 32206.

4. On information and belief, Javy Coffee LLC is a South Carolina limited liability company with its principal place of business at 1501 Haines Street Jacksonville, Florida 32206.

5. On information and belief, Javy Coffee LLC is in the process of dissolving and redomiciling in Delaware as Javy Coffee Company, so that Javy Coffee Company ultimately shall become the successor to Javy Coffee LLC.

6. On information and belief, Javy Coffee Company and Javy Coffee LLC are one and the same entity and/or alter-egos in that they: (i) have the same address for their principal place of business in Florida; (ii) have the same two people as owners, members, managers, executives, and officers, namely Justin Kemperman and Brandon Monaghan; (iii) engage in the same line of business namely, making and selling the same coffee products; and (iv) have the same website, namely https://javycoffee.com.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over JBC's federal claims pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. §§ 1119, 1121.

8. This Court has supplemental jurisdiction over JBC's state law claims under 28 U.S.C. §§ 1367(a), as these claims are so closely related to JBC's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. This Court has personal jurisdiction over Defendants as Defendants are domiciled in Delaware and have a registered agent for service of process in Delaware. Furthermore, Defendants advertise and sell their infringing coffee goods in this district and throughout the United States, thereby committing acts of trademark infringement, unfair competition and deceptive trade practices in this district.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

# FACTUAL ALLEGATIONS

## JBC's Trademarks and Business

11.     For nearly twenty years, JBC has manufactured, distributed, marketed and sold coffee and coffee-related goods, including coffee concentrates, under the word mark "JAVO" (the "JAVO word mark" or "JAVO"), which is JBC's inherently distinctive trademark.

12.     JBC owns the JAVO word mark as well as the following federal registrations and pending application that comprise or contain JAVO:

| Registration Information | Goods |
|---|---|
| **JAVO**<br>Filing Date: March 1, 2002<br>Registration Date: September 30, 2003<br>Registration No.: 2,770,052 | Class 30: beverages, namely, coffee-based beverages containing milk; coffee, coffee beans; ready-to-drink coffee; coffee dispensed by vending machines; espresso coffee; coffee concentrate; coffee extract for use as an ingredient or flavoring. |
| [JAVO logo]<br>Filing Date: December 13, 2004<br>Registration Date: May 23, 2006<br>Registration No.: 3,094,745 | Class 30: Beverages, namely, coffee-based beverages containing milk, coffee, coffee beans, prepared coffee and coffee-based beverages, prepared coffee dispensed by vending machines, espresso coffee, coffee concentrate, coffee extract for use as an ingredient or flavoring. |
| **JAVO**<br>Filing Date: November 3, 2020<br>Registration Date: June 8, 2021<br>Registration No.: 6,380,252 | Class 30: Coffee; Coffee-based beverages; Cold brew coffee; Nitro coffee; Ready-to-drink coffee; Coffee concentrate; Coffee extracts; Coffee packaged for dispensing by vending machines; etc. |

| Registration Information | Goods |
|---|---|
| **Javo** <br> Filing Date: September 24, 2020 <br> Status: Allowed <br> Serial No.: 90206990 | Class 30: Coffee; Coffee-based beverages; Cold brew coffee; Nitro coffee; Ready-to-drink coffee; Coffee concentrate; Coffee extracts; Coffee packaged for dispensing by vending machines; etc. |

13. JBC's JAVO word mark together with the above federal marks are referred to collectively hereafter as the "Javo Trademarks."

14. Copies of JBC's federal registration certificates are attached as Exhibits A – C, and are incorporated by reference as though fully set forth herein.

15. The above trademark registrations owned by JBC are prima facie evidence of the validity of the marks, JBC's ownership of the marks, and of JBC's exclusive right to use the marks in commerce on and in connection with the identified products.

16. The above trademark application, Serial No. 90206990, once registered, will become prima facie evidence of the validity of the mark, JBC's ownership of the mark, and of JBC's exclusive right to use the mark in commerce on or in connection with the goods claimed in the application.

17. JBC has become an industry leader in the coffee business and has earned a significant reputation for its high-quality coffee – in particular, coffee concentrates, brews and extracts.

18. JBC consistently and prominently uses and displays its Javo Trademarks in connection with the manufacturing, distribution, marketing, offering for sale and sale of its goods and services throughout the United States.

19. Below is an example of JBC's advertising displaying its JAVO word mark on a coffee dispenser:



20. JBC's use of its Javo Trademarks has been substantially exclusive and continuous over its period of use and the purchasing public has come to view JBC as the exclusive source of coffee and coffee-related products branded with JBC's Javo Trademarks.  As a result, JBC owns extremely valuable goodwill in its Javo Trademarks that accrues solely to its benefit.

21. JBC's Javo Trademarks do more than identify JBC as the exclusive source of the coffee products branded therewith.   Indeed, the Javo Trademarks also signify to customers that JBC's products offered under the Javo Trademarks are of high quality and adhere to strict quality-control standards.

22. Customers rely on JBC's Javo Trademarks as signifying coffee products that are of the same high quality customers have come to expect of JBC over the last twenty years.

**Defendants' Infringing Conduct**

23. Long after JBC's Javo Trademarks were in use, Defendants began marketing, distributing, offering for sale and selling coffee and coffee-related goods, including coffee concentrates, under the word mark "JAVY" (the "Javy Mark" or "JAVY").

24. Defendants market, distribute, and sell coffee and coffee-related goods under the Javy Mark across the United States, including in Delaware.

25. Customers nationwide are able to purchase Defendants' coffee and coffee-related goods labeled with JAVY through Defendants' interactive website, from which Defendants advertise and sell JAVY-branded goods.

26. Below is the front page of Defendants' website (https://javycoffee.com), showing an example of how Defendants use JAVY in United States commerce in connection with their marketing and sale of coffee and coffee-related goods:



27. Defendants began using the Javy Mark in commerce, including in connection with coffee and coffee-related goods, in October of 2020 – long after JBC had commenced using and registered the Javo Trademarks.

28. The coffee and coffee-related goods Defendants market, distribute and sell under the Javy Mark are identical, or highly similar, to the goods sold by JBC under its Javo Trademarks.

29. For example, Defendants sell coffee concentrates bearing the Javy Mark, while JBC sells coffee concentrates under its Javo Trademarks.

30. The Javy Mark is confusingly similar to JBC's Javo Trademarks in sight, sound, meaning, and commercial impression.

31. Defendants' use of the Javy Mark has been willful. Defendants are intentionally attempting to trade on the goodwill and commercial success that JBC built up in its Javo Trademarks, and to free-ride on JBC's success as a preeminent and well-known manufacturer, distributor, marketer, and seller of coffee and coffee-related goods.

32. Defendants' use of the substantially similar Javy Mark in connection with coffee and coffee-related goods is likely to confuse and deceive the public into believing that Defendants' business and products are authorized, approved or sponsored by JBC, or licensed or otherwise affiliated, connected or associated with JBC, when this is not so.

33. At no time have Defendants been affiliated in any way with JBC, and at no time did JBC authorize Defendants' marketing, distribution or sale of coffee and coffee-related goods under the Javy Mark.

34. By causing a likelihood of confusion, mistake, and deception, Defendants continue to inflict irreparable harm on the goodwill symbolized by JBC's Javo Trademarks and

the reputation for quality that JBC's Javo Trademarks embody.

35. Defendants either knew or should have known of JBC's Javo Trademarks before adopting the Javy Mark, but nevertheless willfully and intentionally adopted and used the Javy Mark.

36. According to the website of the United States Patent and Trademark Office, Defendant Javy Coffee, LLC is the nominal owner of the following federal trademark registration (the "Javy Coffee Stylized Mark"):

| Registration Information | Goods |
|---|---|
| **Javy coffee**<br><br>Filing Date: November 5, 2020<br>Registration Date: October 12, 2021<br>Registration No.: 6514951 | Class 30: Coffee; Instant coffee |

37. The registration for the Javy Coffee Stylized Mark is under five years old and, on information and belief, was never used for a five-year consecutive period.

38. The Javy Coffee Stylized Mark appears nowhere on Defendants' website, nor on any of the products depicted for sale on Defendants' website.

39. Defendant Javy Coffee LLC has ceased using the Javy Coffee Stylized Mark with intent not to resume use.

40. On February 4, 2022, JBC sent a letter to Defendants, objecting to Defendants' use of the Javy Mark and demanding that Defendants, among other things, cease and desist from any further use of the Javy Mark.

41. On February 17, 2022, Defendants responded to JBC's letter, rejecting JBC's demand to cease and desist from further use of the Javy Mark.

42.     Despite receipt of JBC's cease and desist letter and after being placed on actual notice of Defendants' wrongful conduct, Defendants have continued to use the Javy Mark without authorization from JBC.

## COUNT I

**(Federal Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1))**

43.     JBC incorporates the preceding paragraphs by reference as though fully set forth herein.

44.     JBC owns valid and existing protectable rights in the Javo Trademarks, including Federal Trademark Registration Nos. 2,770,052, 3,094,745, and 6,380,252, and Application Serial No. 90206990, which comprise or contain the distinctive JAVO word mark and claim coffee and coffee-related goods as shown in Exhibits A – C.

45.     Since at least as early as May of 2002, JBC has continuously and extensively used its distinctive Javo Trademarks in connection with coffee and coffee-related goods.

46.     In October of 2020 Defendants began using the Javy Mark in connection with coffee and coffee-related goods in interstate commerce to market and sell their coffee and coffee-related goods, and have continued their use since then.

47.     The Javy Mark is confusingly similar to JBC's Javo Trademarks in sight, sound, meaning, and commercial impression.

48.     Defendants' use of the Javy Mark in connection with coffee and coffee-related goods is likely to cause confusion, mistake and deception among customers and others as to the source, origin, sponsorship, and approval of Defendants' goods.

49.     For example, Defendants' use of the Javy Mark in connection with coffee and coffee-related goods is likely to cause customers to erroneously believe that Defendants'

products originate from JBC, or were produced, sponsored, or approved by JBC.

50. Any such confusion would result in injury or have a direct impact on JBC's reputation and JBC's ability to market its own products under the Javo Trademarks. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation JBC has established for its high-quality products and services offered under the Javo Trademarks.

51. Defendants' unauthorized use of the Javy Mark in interstate commerce constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

52. Defendants knowingly, willfully and intentionally infringed JBC's trademark rights with constructive and actual notice of JBC's prior rights in and registrations of the Javo Trademarks.

53. Defendants' conduct has caused and will continue to cause irreparable harm to JBC and JBC has no adequate remedy at law. Defendant's infringement diminishes the value of JBC's Javo Trademarks, JBC's goodwill, and its business reputation. Furthermore, Defendants' infringement has caused and will continue to cause damages in an amount that will be proven at trial.

54. By reason of the foregoing, JBC is entitled to injunctive relief restraining Defendants from any further infringement of the Javo Trademarks, and also is entitled to recover Defendants' profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, interest, and/or statutory damages under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II

### (Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

55. JBC incorporates the preceding paragraphs by reference as though fully set forth herein.

56. JBC owns the Javo Trademarks, which JBC uses in connection with marketing and selling coffee and coffee-related goods, among other things.

57. The Javo Trademarks are inherently distinctive. At all times relevant to this lawsuit, customers in the food and beverage industry have associated the Javo Trademarks with JBC and its reputation for creating high-quality coffee and coffee-related goods.

58. The Javy Mark is confusingly similar to JBC's Javy Trademarks.

59. Defendants use the Javy Mark in interstate commerce in connection with the promotion and sale of their own coffee and coffee-related goods.

60. Defendants' use of the Javy Mark is likely to cause confusion and mistake, and to deceive customers and others as to the source, origin, sponsorship or approval of Defendants' products.

61. For example, customers seeing Defendants' coffee and coffee-related goods sold under the Javy Mark in the marketplace are likely to erroneously believe that Defendants' products are sponsored by, connected with, associated with, or otherwise affiliated with JBC.

62. Any such confusion would result in injury or have a direct impact on JBC's reputation and its ability to market its own products under the Javo Trademarks.

63. Defendants' have deliberately exploited the substantial goodwill associated with JBC's Javo Trademarks in order to promote and sell Defendants' own coffee and coffee-related goods.

64. Defendants' use of the Javy Mark constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Defendants knowingly, willfully and intentionally compete unfairly with JBC, having constructive and actual notice of JBC's pre-existing Javo Trademarks.

66. Defendants' conduct has caused and will continue to cause irreparable harm to JBC and JBC has no adequate remedy at law. Defendants' unfair competition places JBC's own reputation beyond its control, thereby causing irreparable injury to JBC, damaging the goodwill represented by JBC's Javo Trademarks and harming JBC's business reputation. Furthermore, Defendants' conduct has allowed, and continues to allow, Defendants to unfairly trade on the strong goodwill and reputation earned by JBC. Defendants' conduct also affects JBC's ability to market its own products and services under the Javo Trademarks.

67. Defendants' unfair competition has caused and will continue to cause damages in an amount that will be proven at trial.

68. By reason of the foregoing, JBC is entitled to injunctive relief against Defendants, restraining them from any further acts of unfair competition, and is also entitled to recovery of Defendants' profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117 and 1125.

## COUNT III

**(Common Law Trademark Infringement and Unfair Competition)**

69. JBC incorporates the preceding paragraphs by reference as though fully set forth herein.

70. JBC owns and enjoys common law rights in Delaware and throughout the United States in the Javo Trademarks for use in connection with coffee and coffee-related goods (among

others), which are superior to any rights that Defendants may claim in the Javy Mark in any form or style with respect to the marketing and sale of coffee and coffee-related goods (or any other goods or services).

71. Defendants' use of the Javy Mark for marketing, promotion, distribution, offering for sale, and sale of goods (among other things) constitutes trademark infringement and unfair competition under the common law of the State of Delaware.

72. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods have originated from or have been approved by JBC, when they have not. Defendants' trademark infringement and unfair competition thus causes confusion and deception of the public and harms JBC's trademarks, goodwill and business reputation.

73. Defendants' unauthorized use of the Javy Mark in connection with the promotion and sale of its coffee and coffee-related goods is a knowing, willful, and intentional violation of JBC's common law rights, demonstrating bad-faith intent to trade on the goodwill associated with JBC's Javo Trademarks.

74. As well as harming the public, Defendants' actions will cause JBC to lose income, profits and goodwill, while Defendants gain income, profits and goodwill.

75. Defendants' conduct has caused and will continue to cause JBC irreparable harm for which there is no adequate remedy at law. Furthermore, Defendants' conduct has caused and will continue to cause damage to JBC in an amount which will be proven at trial.

76. By reason of the foregoing, JBC is entitled to injunctive relief; damages, including but not limited to Defendants' profits, actual damages suffered by JBC, and punitive damages; and attorneys' fees, costs, and interest.

## COUNT IV

**(Unfair Competition under Delaware Deceptive Trade Practices Act –**

**6 *Del. C.* § 2532)**

77.     JBC incorporates the preceding paragraphs by reference as though fully set forth herein.

78.     Defendants' conduct (described above) constitutes deceptive trade practices under 6 *Del. C.* § 2532, because Defendants' conduct includes, among other things, knowingly, willfully and intentionally: (a) creating a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods and services; and (b) creating a likelihood of confusion or of misunderstanding as to Defendants' affiliation, connection or association with or certification by JBC.

79.     JBC has been damaged and will continue to be damaged by Defendants' deceptive trade practices.

80.     By reason of the foregoing, JBC is entitled to injunctive relief, treble damages, costs and attorneys' fees pursuant to 6 *Del. C.* § 2533.

## COUNT V

**(Cancellation of Trademark Registration – Lanham Act § 37, 15 U.S.C. § 1119)**

81.     JBC incorporates the preceding paragraphs by reference as though fully set forth herein.

82.     United States Trademark No. 6,514,951 for the Javy Coffee Stylized Mark is presently registered to Defendant Javy Coffee LLC.

83.     Defendants have ceased using the Javy Coffee Stylized Mark.

84.     Defendants' discontinued use of the Javy Coffee Stylized Mark was with intent not

to resume such use.

85. The Javy Coffee Stylized Mark has thus been abandoned and United States Trademark Registration No. 6,514,951 should be cancelled pursuant to 15 U.S.C. § 1119.

86. The Javy Coffee Stylized Mark should also be cancelled as it affects JBC's pre-existing trademark rights.

87. JBC owns trademark rights in and to the Javo Trademarks that date back to at least as early as May of 2002. For example, JBC's Federal Trademark Registration Nos. 2,770,052 and 3,094,745 were filed and registered prior to any trademark right that Defendants may claim in the Javy Coffee Stylized Mark.

88. On information and belief, Defendants made no use of the Javy Coffee Stylized Mark prior to October of 2020.

89. The Javy Coffee Stylized Mark was registered on October 12, 2021, and the application for its registration was filed on November 5, 2020.

90. The Javy Coffee Stylized Mark is confusingly similar to JBC's pre-existing Javo Trademarks in sight, sound, meaning, and commercial impression.

91. Use of the Javy Coffee Stylized Mark would be likely to cause confusion and mistake among customers as to the source, origin, sponsorship and approval of products bearing the mark. For example, marking products with the Javy Coffee Stylized Mark would likely cause customers to erroneously believe that these products originate from JBC, or were produced, sponsored or approved by JBC.

92. Continued registration of the Javy Coffee Stylized Mark is inconsistent with JBC's federal and common law rights in its pre-existing Javo Trademarks, and causes irreparable harm to JBC because of the mark's false connection to JBC. U.S. Trademark Registration No. 6,514,951

should therefore be cancelled pursuant to 15 U.S.C. § 1119.

## COUNT VI

### (Unjust Enrichment)

93. JBC incorporates the preceding paragraphs by reference as though fully set forth herein.

94. Defendants have knowingly and willfully received benefits from using the Javy Mark, which is confusingly similar to JBC's Javo Trademarks, without compensating JBC for these benefits and JBC has thus been damaged.

95. Defendants have knowingly and willfully appreciated, accepted and retained the benefits from their use of the Javy Mark unfairly and to the detriment of JBC.

96. Defendants' conduct constitutes unjust enrichment at the expense of JBC, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, JBC respectfully prays for the following relief against Defendants:

A. A judgment that Defendants are liable to JBC for trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a);

B. A preliminary and permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, assigns and all persons acting in concert or participation with Defendants from:

   i. Maintaining, disseminating, reproducing, promoting, distributing or otherwise using the Javy Mark or any mark confusingly similar thereto, as all or part of any mark, product, product packaging, configuration, or design;

   ii. Doing any act or thing likely to induce the mistaken belief that Defendants'

        goods or services are in any way affiliated, connected or associated with JBC or its goods or services;

    iii.    Doing any other act or thing likely to cause confusion with respect to JBC's Javo Trademarks, including United States Trademark Registration Nos. 2,770,052, 3,094,745, and 6,380,252, and Application Serial No. 90206990;

    iv.    Engaging in any conduct that tends to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, or any person, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by JBC, or are in any way connected or affiliated with JBC;

    v.    Otherwise competing unfairly with JBC in any manner; and

C.    A judgment that Defendants' acts of trademark infringement, deceptive trade practices, and unfair competition were willful, intentional, deliberate, and malicious;

D.    A judgment cancelling U.S. Trademark Registration No. 6,514,951;

E.    An order that Defendants immediately supply JBC's counsel with a complete list of individuals and entities from whom or which Defendants purchased, and to whom or which Defendants sold, offered for sale, distributed, advertised, or promoted products marked with the Javy Mark;

F.    An order that Defendants immediately deliver to JBC's counsel all products and materials bearing the Javy Mark in Defendants' possession or under their control, including without limitation: coffee concentrates; coffee products; coffee-related products; packaging; labeling; advertising and promotional materials; and formulas, formulations, plates, patterns,

molds, and other material and information for manufacturing, producing or printing products or materials bearing the Javy Mark.

G. An order that Defendants, within thirty (30) days after service of the judgment demanded herein, file with this Court and serve upon JBC's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment, orders and injunctions demanded herein;

H. A judgment awarding JBC damages attributable to Defendants' trademark infringement, deceptive trade practices, unfair competition, and unjust enrichment in accordance with applicable law, including without limitation treble damages under 15 U.S.C. § 1117(a), plus prejudgment interest;

I. An order for an accounting of Defendants' gains, profits, and benefits derived from Defendants' trademark infringement, deceptive trade practices, unfair competition, and unjust enrichment.

J. A constructive trust on all of Defendants' funds and assets that arise out of Defendants' trademark infringement, deceptive trade practices, unfair competition and unjust enrichment;

K. A judgment that Defendants are liable to JBC for deceptive trade practices and unfair competition under 15 U.S.C. §1125(a) and 6 *Del. C.* § 2532;

L. A judgment that Defendants are liable to JBC for trademark infringement and unfair competition under Delaware common law;

M. A judgment awarding JBC punitive damages in an amount sufficient to punish and deter Defendants;

N. A judgment that this is an exceptional case and that awards JBC its reasonable

attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and/or 6 *Del. C.* § 2533;

O. An order that the Court will retain jurisdiction of this action for the purpose of enabling JBC to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof;

P. A judgment awarding JBC its costs, pre-judgment interest, and post-judgment interest; and

Q. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Javo Beverage Company, Inc. demands a jury trial on all issues so triable.

Dated: April 27, 2022

BROWN MCGARRY NIMEROFF LLC

 */s/ Jami B. Nimeroff*
Jami B. Nimeroff (DE ID No. 4049)
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
302-428-8142
jnimeroff@bmnlawyers.com

*Attorneys for Plaintiff
Javo Beverage Company, Inc.*

OF COUNSEL:

Joshua J. Richman (*Pro Hac Vice Forthcoming*)
IPLA, LLP
50 California Street, Suite 1500
San Francisco, California 94111
415-580-6171 x112
jrichman@ipla.com

Robin Phillips (*Pro Hac Vice Forthcoming*)
PHILLIPS LEX
11755 Wilshire Blvd., Suite 1250
Los Angeles, California 90025
213-340-5324
robin.phillips@phillipslex.com