**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JAVO BEVERAGE COMPANY, INC.,

                        Plaintiff,

        v.

JAVY COFFEE COMPANY and JAVY
COFFEE LLC,

                    Defendants.

Civil Action No. 22-547-RGA

**PLAINTIFF JAVO BEVERAGE COMPANY, INC.'S ANSWERING BRIEF IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE
<u>A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 8(a)</u>**

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

SUMMARY OF ARGUMENT ..................................................................................... 1

CONCISE STATEMENT OF FACTS ........................................................................... 2

    I.    Plaintiff Owns Longstanding Registered Trademark Rights in JAVO for Coffee ........................................................................................................... 2

    II.    Plaintiff Has Continuously Used JAVO for Coffee for 20 Years ........................ 3

    III.    Defendants Use JAVY to Sell Coffee ............................................................... 3

    IV.    Defendants Abandoned the Javy Coffee Stylized Mark ..................................... 3

ARGUMENT .......................................................................................................... 4

    I.    Standard for Motion to Dismiss ....................................................................... 4

    II.    Counts I–IV Are Adequately Pleaded ............................................................... 5

        1.    Likelihood of Confusion is Sufficiently Alleged ........................................ 6

            A.   Similarity of JAVY and JAVO (*Lapp* Factor 1) ................................. 7

            B.   JAVO is a Strong Mark (*Lapp* Factor 2) ........................................... 10

            C.   Actual Confusion is Not Required to Establish a Likelihood of Confusion ........................................................................................ 13

            D.   Wrongful Intent is Not Required to Establish a Likelihood of Confusion ........................................................................................ 14

            E.   Relationship of the Goods is Clear As Defendants Sell the Same Goods (*Lapp* Factor 9) ................................................................... 14

            F.   The Complaint Meets the Plausibility Standard for Likelihood of Confusion ........................................................................................ 15

    III.    The Javy Coffee Stylized Mark is Abandoned and Should be Cancelled –-Count V ....................................................................................................... 17

        1.    Similarity of the Javy Coffee Stylized Mark and JAVO .......................... 17

        2.    Strength of JAVO .................................................................................. 18

3.      Most *Lapp* Factors are Inapplicable As Defendants Abandoned the
        Mark ............................................................................................................18

4.      Likelihood of Confusion is Plausibly Alleged ..........................................18

IV.     Count III Does Not Constitute "Shotgun" Pleading .............................................. 19

V.      Unjust Enrichment is Sufficiently Pleaded – Count VI ........................................ 20

CONCLUSION ............................................................................................................................ 20

## TABLE OF AUTHORITIES

**Cases**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
  237 F.3d 198 (3d Cir. 2000) ..................................................................................... 5, 6, 7, 15

*Am. Distilling Co. v. Bellows & Co.*,
  102 Cal. App. 2d 8 (1951) ..................................................................................... 10

*Applied Underwriters, Inc. v. Lichtenegger*,
  913 F.3d 884 (9th Cir. 2019) ..................................................................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................... 4, 6, 11, 16

*Aveda Corp. v. Evita Mktg., Inc.*,
  706 F. Supp. 1419 (D. Minn. 1989) ..................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 4, 11, 16

*Bell Pub. Corp. v. Bantam Doubleday Dell Pub. Group*,
  No. CIV. A. 89-1000, 1990 WL 55102 (E.D. Pa. Apr. 26, 1990), *aff'd*, 932 F.2d 958 (3d Cir. 1991). ..................................................................................... 9

*Bell v. Starbucks U.S. Brands Corp.*,
  389 F. Supp. 2d 766 (S.D. Tex. 2005), *aff'd*, 205 Fed.Appx. 289 (5th Cir. 2006) .............. 10

*Clifton v. Plough, Inc.*,
  341 F.2d 934 (C.C.P.A. 1965). ..................................................................................... 9

*Communications Satellite Corp. v. Comcet, Inc.*,
  429 F.2d 1245 (4th Cir. 1970), *cert. denied*, 400 U.S. 942 (1970) ....................................... 9

*Country Floors, Inc. v. P'ship of Gepner and Ford*,
  930 F.2d 1056 (3d Cir. 1991) ..................................................................................... 8, 15, 17

*David Sherman Corp. v. Heublein, Inc.*,
  340 F.2d 377 (8th Cir. 1965) ..................................................................................... 10

*Deston Therapeutics LLC v. Trigen Labs., Inc.*,
    723 F. Supp. 2d 665 (D. Del. 2010) ...................................................................... 19

*Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*,
    30 F.3d 466 (3d Cir.1994).................................................................................... 18

*Ford Motor Co. v. Summit Motor Prods., Inc.*,
    930 F.2d 277 (3d Cir. 1991)............................................................................. 8, 14

*GOLO, LLC v. Goli Nutrition Inc.*,
    No. CV 20-667-RGA, 2020 WL 5203601 (D. Del. Sept. 1, 2020) ..................... 16

*In re Burlington Coat Factory Sec. Litig*,
    114 F.3d 1410 (3d Cir. 1997)................................................................................ 4

*Interpace Corp. v. Lapp, Inc.*,
    721 F.2d 460 (3d Cir.1983)........................................................................ passim

*King Cty., Wash. v. IKB Deutsche Industriebank AG*,
    863 F. Supp. 2d 288 (S.D.N.Y. 2012) *rev'd in part on other grounds*, No. 09 CIV. 8387
    SAS, 2012 WL 11896326 (S.D.N.Y. Sept. 28, 2012) ....................................... 13

*Kos Pharms., Inc. v. Andrx Corp.*,
    369 F.3d 700 (3d Cir. 2004)........................................................................ passim

*Krim-Ko Corp. (Krim-Ko Div., Nat. Sugar Ref. Co.) v. Coca-Cola Bottling Co. of New York*,
    390 F.2d 728 (C.C.P.A. 1968) .............................................................................. 9

*Maya Swimwear, Corp. v. Maya Swimwear, LLC*,
    789 F.Supp.2d 506 (D. Del. 2011)....................................................................... 14

*Military Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*,
    251 F. Supp. 3d 750, 757-58 (D. Del. 2017) ....................................................... 5

*Nabisco Brands, Inc. v. Kaye*,
    760 F. Supp. 25  (D. Conn. 1991)......................................................................... 9

*Nike, Inc. v. Leslie*,
    No. 85-960-CIV-T-15, 1987 WL 13664 (M.D. Fla. Feb. 17, 1987)................... 12

*Oaklawn Jockey Club, Inc. v. Kentucky Downs, LLC*,

687 F. App'x 429 (6th Cir. 2017) ........................................................................ 5

*Opryland USA Inc. v. Great Am. Music Show, Inc.*,
970 F.2d 847 (Fed. Cir. 1992) ......................................................................... 17

*Opticians Ass'n of Am. v. Independent Opticians of Am.*,
920 F.2d 187 (3d Cir. 1990) .................................................................. 7, 15, 18

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*,
469 U.S. 189 (1985) ...................................................................................... 11

*Phillips v. Cty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ......................................................................... 4, 20

*Pom Wonderful LLC v. Hubbard, Jr.*,
775 F.3d 1118 (9th Cir. 2014) ......................................................................... 11

*Pyure Brands, LLC v. Nascent Health Sci. LLC*,
No. 1:18-CV-23357-UU, 2019 WL 7945226 (S.D. Fla. Mar. 4, 2019) ................................ 5

*Rockland Mortg. Corp. v. S'holders Funding, Inc.*,
835 F. Supp. 182 (D. Del. 1993) ....................................................................... 5

*Russell Chem. Co. v. Wyandotte Chemicals Corp.*,
337 F.2d 660 (C.C.P.A. 1964) ......................................................................... 10

*Sabinsa Corp. v. Creative Compounds, LLC*,
609 F.3d 175 (3d Cir. 2010) ................................................................... passim

*Sanofi-Aventis v. Advancis Pharm. Corp.*,
453 F. Supp. 2d 834 (D. Del. 2006) .................................................................... 9

*Syntex Labs. v. Norwich Pharmacal Co.*,
437 F.2d 566 (2d Cir.1971) ........................................................................... 10

*Telechron, Inc. v. Telicon Corp.*,
198 F.2d 903 (3d Cir. 1952) ............................................................................ 9

*Trevino v. Merscorp., Inc.*,
583 F.Supp.2d 521 (D. Del. 2008) ................................................................ 12, 20

*U.S. Jaycees v. Phila. Jaycees,*
    639 F.2d 134 (3d Cir.1981)................................................................................. 11

**Statutes**

15 U.S.C. § 1064................................................................................................................ 19

15 U.S.C. § 1065................................................................................................................ 12

15 U.S.C. § 1115................................................................................................................ 13


**Other Authorities**

J. Thomas McCarthy, *2 McCarthy on Trademarks and Unfair Competition* § 11:6 (4th ed.) ..... 12

J. Thomas McCarthy, *4 McCarthy on Trademarks and Unfair Competition* § 23:23 (5th ed.) ... 10

J. Thomas McCarthy, *4 McCarthy on Trademarks and Unfair Competition* § 23:55 (5th ed.) ... 10

J. Thomas McCarthy, *4 McCarthy on Trademarks and Unfair Competition* § 23:56 (5th ed.) ... 10

Plaintiff, Javo Beverage Company, Inc. ("Plaintiff") submits this memorandum of law in opposition to the motion to dismiss filed by Defendants Javy Coffee Company and Javy Coffee LLC (collectively "Defendants").

## NATURE AND STAGE OF PROCEEDINGS

On April 27, 2022, Plaintiff filed a Complaint against Defendants alleging: (I) Federal Trademark Infringement; (II) Federal Unfair Competition; (III) Common Law Trademark Infringement and Unfair Competition; (IV) Unfair Competition under the Delaware Deceptive Trade Practices Act; (V) Cancellation of Trademark Registration; and (VI) Unjust Enrichment.

On June 14, 2022, Defendants filed the instant motion to dismiss.

## SUMMARY OF ARGUMENT

1.      This is a textbook case of trademark infringement.  Plaintiff and Defendants are direct competitors that sell coffee under nearly identical marks: JAVO and JAVY.

2.      Since 2002, Plaintiff has sold coffee across the United States under the registered word mark JAVO.  In October of 2020, Defendants began selling coffee under the word mark JAVY.  JAVY is confusingly similar to JAVO in sight, sound, and meaning (neither word has an English meaning).  Indeed, if JAVY were any more similar to JAVO, it would be identical.  Defendants admit that they compete directly with Plaintiff.  Defendants thus plausibly infringe on Plaintiff's JAVO mark with their use of JAVY, as set forth on the face of the Complaint.

3.      Defendants move to dismiss on the flawed basis that the Complaint fails to adequately allege a likelihood of confusion between JAVO and JAVY.  Defendants seek "detailed factual allegations," but these are expressly unnecessary under the applicable pleading standard, which only requires sufficient factual allegations to give rise to a plausible claim for relief.

4.      Defendants seek a premature determination of the ultimate issue in this case: likelihood of confusion.  This is inappropriate, as likelihood of confusion is a fact-intensive determination that should only be made after the evidence is in – not at the beginning of the case on a motion to dismiss.

5.      Nevertheless, when parties compete directly, courts may determine likelihood of confusion based on the similarity of the parties' marks alone.  The similarity between JAVY and JAVO is apparent on the face of the Complaint.  Since Defendants compete directly with Plaintiff, Plaintiff has shown that likelihood of confusion is plausible, which meets the pleading standard.

6.      Defendants' arguments are flawed because they misleadingly compare the wrong marks in their analysis.  Defendants never analyze the likelihood of confusion between the words JAVY and JAVO.  Instead, they analyze the likelihood of confusion between a stylized Javy mark (that is no longer in use, as Defendants abandoned it) and two stylized Javo marks.  Defendants are careful never to acknowledge JAVO as a word mark, because registered word marks protect against all forms of infringement regardless of stylization.  Defendants' misleading analysis is an effort to distract from the likelihood of confusion between JAVY and JAVO.

## CONCISE STATEMENT OF FACTS

### I.      Plaintiff Owns Longstanding Registered Trademark Rights in JAVO for Coffee

Plaintiff manufactures and sells coffee and coffee-related goods, including coffee concentrates.  Complaint, D.I. 1 ¶ 11.  On March 1, 2002, Plaintiff filed an application to register JAVO as a word mark with the Patent and Trademark Office ("PTO"), claiming coffee, coffee concentrate and related goods.  *Id.* at ¶ 12.  On September 30, 2003, the PTO granted Plaintiff's JAVO application, issuing Registration No. 2,770,052 (the "JAVO Mark" or "JAVO").  *Id.*; D.I. 1, Ex. A.  Plaintiff subsequently obtained a second Javo word mark registration (Registration No.

6,380,252) covering a broader array of beverages, and filed applications for two stylized Javo marks (Registration No. 3,094,745 and Application No. 90206990).  *Id.* ¶ 12.

## II.   Plaintiff Has Continuously Used JAVO for Coffee for 20 Years

Since 2002, Plaintiff has continuously used JAVO to market and sell coffee throughout the United States.  D.I. 1 ¶¶ 11, 18, 20, 45.  Consequently, over the course of twenty years, the purchasing public has come to know Plaintiff as the sole source of coffee branded with JAVO.  D.I. 1 ¶ 20.  Plaintiff has become an industry leading coffee company and has earned a significant reputation for high-quality coffee and, in particular, coffee concentrate. D.I. 1 ¶ 17.  Consequently, Plaintiff owns extremely valuable goodwill in JAVO that accrues solely to its benefit.  D.I. 1 ¶ 20.

## III.   Defendants Use JAVY to Sell Coffee

In 2020, long after Plaintiff commenced use of JAVO, Defendants began marketing and selling coffee and coffee-related goods, including coffee concentrates, under the mark JAVY (the "Javy Mark" or "JAVY") across the United States.  D.I. 1 ¶¶ 23-24, 27.  The coffee goods Defendants sell under JAVY are identical to the coffee goods Plaintiff sells under JAVO.  D.I. 1 ¶¶ 28-29.  For example, both parties sell coffee concentrates.  D.I. 1 ¶ 29.

Defendants are not affiliated with Plaintiff and Plaintiff has not authorized Defendants to use JAVY.  D.I. 1 ¶ 33.  On February 4, 2022, Plaintiffs sent a letter to Defendants, objecting to Defendants' use of JAVY and demanding that Defendants stop using JAVY.  D.I. 1 ¶ 40.  Defendants responded, rejecting the demand and continue to use JAVY without Plaintiff's permission.  D.I. 1 ¶¶ 41-42.

## IV.   Defendants Abandoned the Javy Coffee Stylized Mark

On November 5, 2020, Defendants applied to register a stylized mark containing the text "Javy coffee," which was registered by the PTO on October 12, 2021 in Registration No. 6,514,951

(the "Javy Coffee Stylized Mark").  D.I. 1 ¶ 36.  The Javy Coffee Stylized Mark is no longer in use on Defendants' website or on any of the products for sale on Defendants' website.  D.I. 1 ¶ 38. Defendants have ceased using the Javy Coffee Stylized Mark with intent not to resume use.  D.I. 1 ¶ 39.  The Javy Coffee Stylized Mark is less than five years old and was never used for any five-year consecutive period. D.I. 1 ¶ 37.

<b>ARGUMENT</b>

**I.    Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint be "only a short and plain statement of the claim … in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotes omitted).  On a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

A complaint is sufficient if it states a claim "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This does not require "detailed factual allegations."  *Id*.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

"The issue is not whether a plaintiff will ultimately prevail but whether [it] is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig*, 114 F.3d 1410, 1420 (3d Cir. 1997).  This determination should be based on "judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

## II.     Counts I–IV Are Adequately Pleaded

The elements of federal and state trademark infringement and unfair competition are the same, namely that: (1) Plaintiff has a valid and protectable mark; (2) Plaintiff owns the mark; and (3) Defendant's use of the mark causes a likelihood of confusion.  *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); *Military Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*, 251 F. Supp. 3d 750, 757-58 (D. Del. 2017); *Rockland Mortg. Corp. v. S'holders Funding, Inc.*, 835 F. Supp. 182, 188 (D. Del. 1993).[1]

"A likelihood of confusion exists when consumers viewing the mark would probably assume that the product … it represents is associated with the source of a different product … identified by a similar mark." *Victoria's Secret*, 237 F.3d at 211 (quotes omitted).

Defendants do not dispute that JAVO is a valid registered trademark or that Plaintiff owns the JAVO Mark.  Defendants move to dismiss Counts I–IV on the basis that likelihood of confusion is insufficiently pleaded.

The problem with Defendants' motion is that a likelihood of confusion determination is a fact-intensive analysis, which is generally inappropriate on a motion to dismiss.  *E.g.*, *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) ("[T]he existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss."); *Oaklawn Jockey Club, Inc. v. Kentucky Downs, LLC*, 687 F. App'x 429, 432 (6th Cir. 2017) ("[L]ikelihood of confusion is generally a question of fact that is inappropriate to resolve at the motion-to-dismiss stage."); *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-CV-23357-UU, 2019 WL 7945226, at *8 (S.D. Fla. Mar. 4, 2019) (collecting cases).

---

[1] Common law unfair competition does not require likelihood of confusion.  *See Deston Therapeutics LLC v. Trigen Labs., Inc.*, 723 F. Supp. 2d 665, 676 (D. Del. 2010).

Instead of acknowledging that a likelihood of confusion determination is premature here, Defendants try to impose a higher pleading standard requiring "detailed factual allegations," which are expressly unnecessary. *Iqbal*, 556 U.S. at 678. This is not the solution. The Complaint need not be enhanced for Defendants' benefit to better enable a likelihood of confusion determination at this early stage.

Indeed, Defendants admit that dismissal is only warranted "when the allegations of a likelihood of confusion are <u>implausible</u> in view of the facts alleged .... For example, where the two marks are so different that even on the face of the complaint, <u>there is no believable scenario under which confusion would be likely to occur</u>." Defs.' Br., D.I. 21, p. 4 (emphasis added) (citation omitted). This is not the case here.

### 1. Likelihood of Confusion is Sufficiently Alleged

In the Third Circuit, courts look to ten "*Lapp* factors"[2] to evaluate likelihood of confusion, which have been adapted from *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir.1983). *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3d Cir. 2004). The *Lapp* "factors are meant to be tools, not hurdles." *Victoria's Secret*, 237 F.3d at 214. "[T]he different factors may properly be accorded different weights .... A district court should utilize the factors that seem appropriate

---

[2] The factors are: "(1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, competing or not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers, whether because of the near-identity of the products, the similarity of function, or other factors; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture both products, or expect the prior owner to manufacture a product in the defendant's market, or expect that the prior owner is likely to expand into the defendant's market." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3d Cir. 2004).

to a given situation." *Id.* at 215.

There is no requirement that courts apply all the *Lapp* factors, especially where, as here, the parties' products directly compete. *Victoria's Secret*, 237 F.3d at 214. "[C]ourt[s] often need not apply each and every factor; when goods are directly competing, both precedent and common sense counsel that the similarity of the marks takes on great prominence." *Id.* "If products are directly competing, and the marks are clearly very similar, a district judge should feel free to consider <u>only</u> the similarity of the marks themselves." *Id.* (emphasis added).

Defendants acknowledge that the parties are "**direct competitors**". D.I. 21, p. 2 ("The Parties are direct competitors in the market insofar as they both market, offer for sale, and sell coffee and coffee-based beverages."). "Where the owner of the trademark and the infringer deal in competing goods or services, the court need rarely look beyond the mark itself," to assess likelihood of confusion. *Opticians Ass'n of Am. v. Independent Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990) (quotation omitted). Such is the case here.[3]

A. <u>Similarity of JAVY and JAVO (*Lapp* Factor 1)</u>

"The single most important factor in determining likelihood of confusion is mark similarity." *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 183 (3d Cir. 2010).

To analyze the similarity between marks, courts look to their "sight, sound, and meaning." *Id.* "Where the goods are directly competitive, the degree of similarity required to prove a likelihood of confusion is less than in the case of dissimilar products." *Id.* at 183-84. "Generally, if the overall impression created by marks is essentially the same, it is very probable that the marks are confusingly similar." *Opticians*, 920 F.2d at 195. "Two names that look and sound similar

---

[3] For simplicity Plaintiff only analyzes JAVO (as opposed to Plaintiff's other trademarks), as this is sufficient to demonstrate that the claims are plausible under the pleading standard. Analysis of Plaintiff's other trademarks would be superfluous.

will naturally seem even more similar where there are no differences in meaning to distinguish them." *Kos*, 369 F.3d at 713.

JAVY and JAVO look alike.  The spelling is almost identical.  They are the same length – four letters.  The first three letters "JAV" are the same.  JAVY and JAVO sound similar.  They both have two syllables.  The first syllable, "JA" is the same.  The meaning of JAVY and JAVO is the same in that they are both fanciful words with no meaning in the English language, and hence no difference in meaning to distinguish them.  *See Kos*, 369 F.3d at 713.

JAVY and JAVO are thus confusingly similar.  D.I. 1 ¶ 30.  Indeed, if they were any more similar they would be identical, as they have only one letter differentiating them.

Defendants offer no argument that JAVY is not confusingly similar to JAVO.  They only analyze the similarity between the Javy Coffee Stylized Mark (which is no longer in use and therefore irrelevant) and Plaintiff's stylized Javo marks.[4]  Defendants deliberately confine their analysis to their abandoned stylized mark and Plaintiff's stylized marks, in an effort to lead the Court away from the likelihood of confusion between JAVY and JAVO, which is the source of the confusion alleged in the Complaint.  *See, e.g.*, D.I. 1 ¶¶ 30, 32, 47-50, 58-62.

"When the dominant portions of the two marks are the same, confusion is likely."  *Country Floors, Inc. v. P'ship of Gepner and Ford*, 930 F.2d 1056, 1065 (3d Cir. 1991).  "JAV" is the dominant portion of JAVY and JAVO, constituting ¾ of the marks.  Since the dominant portion of JAVY and JAVO is the same ("JAV"), likelihood of confusion is demonstrated.  *Id.*

---

[4] Furthermore, Defendants used a color version of a stylized Javo mark, which appears nowhere in the Complaint and is improperly before the Court.  D.I. 21, p. 13.  Defendants' arguments regarding the Javy Coffee Stylized Mark are only relevant to Plaintiff's cancellation claim (Count V), which is covered in section III.

Defendants' argument that "[o]verlapping prefixes or suffixes … rarely form the basis of a likelihood of confusion" is incorrect.  D.I. 21, p. 11.  On the contrary, courts routinely find a likelihood of confusion when marks have "overlapping prefixes or suffixes," and there are a volume of cases (the "Volume of Cases") finding a likelihood of confusion where the similarity of the marks is akin to that of JAVY and JAVO, as shown in the table below:[5]

|   | Marks Held Likely to Cause Confusion | Case |
|---|---|---|
| 1 | **DELL** and **BELL** | *Bell Pub. Corp. v. Bantam Doubleday Dell Pub. Group*, No. CIV. A. 89-1000, 1990 WL 55102, at *1, *4 (E.D. Pa. Apr. 26, 1990), *aff'd*, 932 F.2d 958 (3d Cir. 1991). |
| 2 | **FORSLEAN** and **FORSTHIN** | *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 180 (3d Cir. 2010). |
| 3 | **ADVICOR** and **ALTOCOR** | *Kos Pharms. v. Andrx Corp.*, 369 F.3d 700, 703, 725 (3d Cir. 2004). |
| 5 | **TELECHRON** and **TELICON** | *Telechron, Inc. v. Telicon Corp.*, 198 F.2d 903, 904 (3d Cir. 1952). |
| 4 | **ADVENTIS** and **ADVANCIS** | *Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 843, 853 (D. Del. 2006). |
| 6 | **BEEP** and **VEEP** | *Krim-Ko Corp. (Krim-Ko Div., Nat. Sugar Ref. Co.) v. Coca-Cola Bottling Co. of New York*, 390 F.2d 728, 729-30, 732 (C.C.P.A. 1968). |
| 7 | **A.1.** and **A.2.** | *Nabisco Brands, Inc. v. Kaye,* 760 F. Supp. 25, 26, 29  (D. Conn. 1991). |
| 8 | **AVEDA** and **AVITA** | *Aveda Corp. v. Evita Mktg., Inc.*, 706 F. Supp. 1419, 1421-22 (D. Minn. 1989). |
| 9 | **NUMOL** and **NUJOL** | *Clifton v. Plough, Inc.*, 341 F.2d 934, 934-36 (C.C.P.A. 1965). |
| 10 | **COMSAT** and **COMCET** | *Communications Satellite Corp. v. Comcet, Inc.*, 429 F.2d 1245, 1247-48 (4th Cir. 1970), *cert. denied*, 400 U.S. 942 (1970). |

---

[5] Because of space limitations, Plaintiff cannot list all of the cases here and has only included a sample, but there are many more.  *See* J. Thomas McCarthy, *4 McCarthy on Trademarks and Unfair Competition* §§ 23:23, 23:55, 23:56 (5th ed.) (listing the many cases).

| | Marks Held Likely to Cause Confusion | Case |
|---|---|---|
| 11 | **SENTOL** and **SEN-TROL** | *Russell Chem. Co. v. Wyandotte Chemicals Corp.*, 337 F.2d 660, 661-62 (C.C.P.A. 1964). |
| 12 | **BELLOWS** and **FELLOWS** | *Am. Distilling Co. v. Bellows & Co.*, 102 Cal. App. 2d 8, 11, 27 (1951). |
| 13 | **SMIRNOFF** and **SARNOFF** | *David Sherman Corp. v. Heublein, Inc.*, 340 F.2d 377, 378, 382 (8th Cir. 1965). |
| 14 | **VAGITROL** and **VAGESTROL** | *Syntex Labs. v. Norwich Pharmacal Co.*, 437 F.2d 566, 567, 569 (2d Cir.1971). |
| 15 | **STARBUCKS** and **STARBOCK** | *Bell v. Starbucks U.S. Brands Corp.*, 389 F. Supp. 2d 766, 768-69, 777 (S.D. Tex. 2005), *aff'd*, 205 Fed.Appx. 289 (5th Cir. 2006). |

B. JAVO is a Strong Mark (*Lapp* Factor 2)

Courts look to two factors in assessing the strength of Plaintiff's mark: (1) conceptual strength; and (2) commercial strength. *Sabinsa*, 609 F.3d at 184-85. Conceptual strength is measured by the mark's distinctiveness "as either (1) generic, like 'Diet Chocolate Fudge Soda;' (2) descriptive, like 'Security Center;' (3) suggestive, like 'Coppertone;' or (4) … fanciful, like 'Kodak,'" with fanciful marks being the strongest. *Id.* at 185.

JAVO is a fanciful word and therefore a strong mark, deserving broad protection. *Kos*, 369 F.3d at 713 (3d Cir. 2004); J. Thomas McCarthy, *2 McCarthy on Trademarks and Unfair Competition* § 11:6 (4th ed.) ("[F]anciful words are referred to as conceptually the 'strongest' of all marks.").

JAVO has been registered with the PTO as a word mark since 2003, and has been in continuous use since then. D.I. 1 ¶¶ 11-12, 18, 20. JAVO is therefore an incontestable mark by statute, as it has been in continuous use for over five years, which conclusively demonstrates that Plaintiff has the exclusive right to use JAVO. *See* 15 U.S.C. § 1065 (mark is incontestable if it "has been in continuous use for five consecutive years"); 15 U.S.C. § 1115(b) (incontestable mark

is "conclusive evidence … of the registrant's exclusive right to use the registered mark").

Incontestability strengthens JAVO not only by precluding challenges to Plaintiff's exclusive right to use JAVO, but also because incontestability "may be used to enjoin infringement by others." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 (1985); *U.S. Jaycees v. Phila. Jaycees*, 639 F.2d 134, 138 n.3 (3d Cir.1981) ("incontestability does bear on the strength of a mark").

JAVO's strength is further evinced by its status as a registered word mark, which provides exclusive rights that are "extremely broad, covering the word in all types of depictions," regardless of font, color, size, or stylization. *Pom Wonderful LLC v. Hubbard, Jr.*, 775 F.3d 1118, 1124 (9th Cir. 2014). JAVO's nature as a word mark combined with its incontestable status, provide for "extremely broad" protection against infringement.

JAVO also is commercially strong. Since 2002, Plaintiff has used JAVO to market and sell coffee throughout the United States. D.I. 1 ¶¶ 11, 18, 45. Over the last twenty years, the purchasing public has come to view Plaintiff as the exclusive source of coffee goods branded with JAVO. D.I. 1 ¶ 18, 20. Plaintiff is an industry leader in the coffee business and has earned a significant reputation for its high-quality coffee goods. D.I. 1 ¶ 17. Indeed, customers recognize and have come to rely on JAVO to indicate Plaintiff's high quality.[6] D.I. 1 ¶¶ 20-22.

Defendants' argument concerning registrations containing "JAV" should be rejected outright, as it is based on an exhibit improperly before the Court, which contains hundreds of separate documents. For example, Defendants' Exhibit A is inadmissible as there is nothing self-

---

[6] Defendants' incorrectly criticize the Complaint for lack of detailed facts as to "the nature, duration, extent, and/or dollar amount of Plaintiff's advertising, marketing, promotional, or sales efforts." D.I. 21, p. 8. These are exactly the kind of "detailed factual allegations" that are unnecessary under the plausibility pleading standard. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570 ("we do not require heightened fact pleading of specifics").

authenticating about the chart at pages 2-34, and Defendants have failed to lay any foundation. Fed. R. Evid. 901(7), (8), 803(8).  Moreover, Defendants' Exhibit A cannot be considered on a motion to dismiss because it is not integral to Plaintiff's Complaint.  *E.g.*, *In re Burlington*, 114 F.3d at 1426 ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered.") (emphasis in original) (quotation omitted) (citation omitted); *Trevino v. Merscorp., Inc.*, 583 F.Supp.2d 521, 526 (D. Del. 2008) ("Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point.").

Defendants incorrectly argue that JAVO is weak because there are many registered marks containing the truncated text "JAV."  In fact, almost all of the marks in Defendants' Exhibit A contain the text "JAVA," which is often disclaimed, precluding registrants from having any exclusive rights in "JAVA."  Only <u>five</u> registrations (in Defendants' Exhibit A) contain "JAV" but not "JAVA," which does not at all indicate widespread use of JAVO.  None of these five registrations contains JAVO.

It is obvious that if one truncates a distinctive mark, there will be registered marks that contain the truncated mark (especially if the distinctive mark is only a few letters long) – but this does not make the distinctive mark weak.  If one truncates "NIKE" to "NIK," there are hundreds of registered marks containing "NIK," but this in no way indicates that "NIKE" is weak.  On the contrary, "NIKE" is "strong and … afforded the broadest ambit of protection from infringing uses."  *Nike, Inc. v. Leslie*, No. 85-960-CIV-T-15, 1987 WL 13664, at *1 (M.D. Fla. Feb. 17, 1987).

12

Of course, the shorter the length of the mark, the more devastating the effect of truncating it.  By Defendants' reasoning, "V-8" would be a weak mark, because there are many registrations that use the letter "V."  (Defendants would call these "V-formative" marks, which supposedly weaken all other marks with a "V.")  But "V-8" is a strong mark.  *See Sabinsa*, 609 F.3d at 185.

The fact that registered marks contain the truncated "JAV" from JAVO is inconsequential. This in no way indicates that JAVO is weak, just as the many "NIK" and "V" registrations have no effect on the strength of "NIKE" and "V-8."

This factor weighs in Plaintiff's favor, as it is plausible on the face of Complaint that JAVO is a strong mark that deserves broad protection from infringement.

C.  <u>Actual Confusion is Not Required to Establish a Likelihood of Confusion</u>

Pleading actual confusion is not necessary to state a claim for trademark infringement, as "[e]vidence of actual confusion is frequently difficult to find."  *Sabinsa*, 609 F.3d at 187 ("[A]ctual confusion is not necessary to demonstrate a likelihood of success.").

Defendants incorrectly assert that "the Parties have coexisted for approximately two years in the marketplace without encountering any actual confusion among consumers."  D.I. 21, pp. 13-14.  The Complaint says no such thing, and there is no evidentiary basis for Defendants' assertion.[7]

Moreover, an absence of actual confusion cannot be inferred.  *See, e.g.*, *King Cty., Wash. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 316 (S.D.N.Y. 2012) ("At no point … does Rule 12(b)(6) permit [courts] to make a negative inference from facts that are absent from

---

[7] Similarly without basis is Defendants' argument that Plaintiff's "lack of knowledge" of JAVY negates a likelihood of confusion.  Their argument is based on the incorrect assertion that "Plaintiff admits not knowing of Defendants' use of the Accused Mark until February 2022."  D.I. 21, p. 14. The Complaint says no such thing.

the complaint."), *rev'd in part on other grounds*, No. 09 CIV. 8387 SAS, 2012 WL 11896326 (S.D.N.Y. Sept. 28, 2012).   When there is no information before the court regarding actual confusion or a lack thereof, this favors no party.  *Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F.Supp.2d 506, 515 (D. Del. 2011) ("No party submitted information regarding actual confusion or a lack thereof. Therefore, this factor favors no party.")

Defendants' argument that registration of the Javy Coffee Stylized Mark demonstrates an absence of actual confusion is misplaced and misleading.  The PTO never registered JAVY.  Even if the PTO had registered JAVY, it would be irrelevant to actual confusion.  Actual confusion requires actual confusion by customers – not confusion by PTO examiners.  *See, e.g.*, *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 292 (3d Cir. 1991) ("[L]ikelihood of confusion … exist[s] when the consumers viewing the mark would probably [be confused.]  Proof of actual confusion is not necessary.") (quotation omitted).

### D.  Wrongful Intent is Not Required to Establish a Likelihood of Confusion

Evidence of a defendant's intent in adopting a mark is not necessary, but it "weighs heavily in favor of finding a likelihood of confusion."  *Sabinsa*, 609 F.3d at 187.  Here, it is plausible to infer that Defendants adopted JAVY with the intent to trade on Plaintiff's goodwill in JAVO, given: the similarity of JAVY to JAVO; the fact that Defendants admit competing directly with Plaintiff by using JAVY to sell coffee; and the fact that JAVO had been registered and in continuous use by Plaintiff to sell coffee for seventeen years before Defendants began using JAVY, as Plaintiff's have alleged.  D.I. 1 ¶¶ 12, 18, 20, 30-31, 35, 63; D.I. 21, p. 2.

### E.  Relationship of the Goods is Clear As Defendants Sell the Same Goods (*Lapp* Factor 9)

The relationship of the goods in the minds of consumers factor is assessed according to the near-identity of the products, the similarity of function, or other factors.  *Kos*, 369 F.3d at 709.

"When ruling on this factor, a court should look at how similar, or closely related, the products are." *Sabinsa*, 609 F.3d at 189. "The question is whether the consumer might reasonably conclude that one company would offer both of these related products." *Id*.

Defendants sell the same goods as Plaintiff. D.I. 1 ¶¶ 28-29. Defendants admit that they compete directly with Plaintiff selling identical goods, namely coffee. D.I. 21, p. 2 ("The Parties are direct competitors in the market insofar as they both market, offer for sale, and sell coffee and coffee-based beverages."). The identity and function of the goods is thus identical. Consumers would therefore certainly conclude that "one company would offer both of these related products."

This factor clearly weighs in Plaintiff's favor, and Defendants concede this. D.I. 21, p. 15 ("The only well plead allegations made by Plaintiff in the Complaint are those concerning the similarity between the Parties' respective goods.")

## F.   The Complaint Meets the Plausibility Standard for Likelihood of Confusion

Plaintiff has met the pleading standard because likelihood of confusion is plausible on the face of the Complaint. JAVY and JAVO are confusingly similar. They look alike, sound alike, and are spelled alike, with both being four-letter, two-syllable words beginning with the same three letters and the same syllable. If JAVY and JAVO were any more similar, they would be the same.[8]

It is plausible for the Court "to consider only the similarity of the marks themselves," as Plaintiff's products compete directly with Defendants' products. *Victoria's Secret*, 237 F.3d at 210. It follows that likelihood of confusion is shown on the face of the Complaint, as the dominant portion of JAVY and JAVO is identical, which dictates that "confusion is likely," according to the Third Circuit. *Country Floors*, 930 F.2d at 1065. Additionally, JAVO is a strong mark, and the

---

[8] Identical marks go beyond the requirement of demonstrating a likelihood of confusion, evincing "a great likelihood of confusion," which is unnecessary here. *Opticians*, 920 F.2d at 195 ("[T]here is a great likelihood of confusion when an infringer uses the exact trademark....").

fact that the parties compete directly selling identical goods (coffee) creates a strong relationship between the parties' goods in the minds of consumers, further demonstrating likelihood of confusion.

It also is clear that the Complaint meets the plausibility standard, because Plaintiff's right to relief is "above the speculative level." *Twombly*, 550 U.S. at 555. The Court need not speculate as to whether likelihood of confusion is shown on the face of the Complaint. The path is certain. The Court need only consider the similarity of the marks, which are confusingly similar.

There is no requirement that Plaintiff plead allegations relating to all of the *Lapp* factors. This would necessitate "detailed factual allegations," which are against the pleading standard. *See Iqbal*, 556 U.S. at 678. Plaintiff need only plead sufficient allegations such that likelihood of confusion is plausible on the face of the Complaint.[9] Plaintiff has done this.

In any event, Defendants cannot show that any of the *Lapp* factors weighs in their favor, which clearly indicates that dismissal is inappropriate. Defendants admit that dismissal is only warranted "when the allegations of a likelihood of confusion are <u>implausible</u> …. For example, where the two marks are so different that even on the face of the complaint, <u>there is no believable scenario under which confusion would be likely to occur</u>." D.I. 21, p. 4 (emphasis added) (citation omitted). This is certainly not the case here.

Given that: (i) the determination as to plausibility of likelihood of confusion should be based on "judicial experience and common sense" (*Iqbal*, 556 U.S. at 679); (ii) JAVY and JAVO

---

[9] Defendants' reliance on *GOLO, LLC v. Goli Nutrition Inc.*, No. CV 20-667-RGA, 2020 WL 5203601 (D. Del. Sept. 1, 2020) is misplaced. *GOLO* involved a preliminary injunction, which is "an extraordinary remedy," and "should be granted only in limited circumstances." *Id*. at *1 (quoting *Kos*, 369 F.3d at 708). *GOLO* therefore employed a far stricter standard requiring plaintiff to prove a likelihood of success on the merits and irreparable harm. *Id.* Here, the Complaint need only show that the claims are plausible, which it easily does. Also, in *GOLO*, substantial evidence was put before the court, which is not the case here.

are confusingly similar; (iii) JAVO is a strong mark; (iv) the parties compete directly; (v) the parties sell identical goods (coffee); (vi) the Court need only consider the similarity of the marks to find a likelihood of confusion; and (vii) the Volume of Cases (*see* table at pages 9-10) finding likelihood of confusion where the similarity of the marks is akin to that of JAVY and JAVO, it follows that likelihood of confusion is plausibly alleged.

**III.      The Javy Coffee Stylized Mark is Abandoned and Should be Cancelled — Count V**

Plaintiff's claim for cancellation of the Javy Coffee Stylized Mark has two independent and separate bases: (i) that Defendants have abandoned the mark; and (ii) that the mark infringes Plaintiff's pre-existing trademark rights in JAVO.  D.I. 1 ¶¶ 37-39, 81-92.  Each basis is sufficient on its own to warrant cancellation of the Javy Coffee Stylized Mark.  15 U.S.C. § 1064(3) (abandonment is a ground for cancellation); *Opryland USA Inc. v. Great Am. Music Show, Inc.*, 970 F.2d 847, 850 (Fed. Cir. 1992) ("Likelihood of confusion is a ground … for cancellation").

Defendants do not dispute that they have abandoned the Javy Coffee Stylized Mark.  They only dispute the infringement ground for cancellation, on the basis that likelihood of confusion is insufficiently pleaded.  Plaintiff's claim for cancellation therefore could not be dismissed, even if Defendants' arguments were correct because abandonment alone is sufficient for cancellation.  But they are not correct – likelihood of confusion is sufficiently pleaded.

**1.  Similarity of the Javy Coffee Stylized Mark and JAVO**

When comparing marks, "it is proper to give greater force and effect to th[e] dominant feature." *Country Floors*, 930 F.2d at 1065.  "JAVY" is clearly the dominant feature of the Javy Coffee Stylized Mark, given that the height of the word "coffee" is limited to approximately ⅔ of the height of the tail of the "y" in "JAVY."  D.I. 1 ¶ 36.  "JAVY" is confusingly similar to JAVO. Both are four-letter words sharing the same first three letters, the same number of syllables, the

same first syllable, and the same meaning (no English meaning).  Defendants cannot avoid likelihood of confusion on the basis that the Javy Coffee Stylized Mark includes the word "coffee," as coffee is merely "descriptive matter."  *See Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.3d 466, 477 (3d Cir.1994) ("[A] subsequent user may not avoid likely confusion by appropriating another's entire mark and adding descriptive or non-descriptive matter to it.").

## 2.  Strength of JAVO

As explained in section II(1)(C), JAVO is an incontestable, fanciful work mark and therefore conceptually strong.  JAVO is also commercially strong, as Plaintiff has used JAVO to sell coffee for twenty years and earned a significant reputation in the marketplace.

## 3.  Most *Lapp* Factors are Inapplicable As Defendants Abandoned the Mark

Most *Lapp* factors (3, 4, 6, 7, 8 and 9) do not apply to Plaintiff's cancellation claim, as the Javy Coffee Stylized Mark is not in use owing to Defendants' abandonment of the mark.  D.I. 1 ¶¶ 37-39.  For example, consumer care (factor 3) cannot be analyzed because there are no goods bearing the Javy Coffee Stylized Mark to be consumed.  Similarly, the marketing factors (7 and 8) cannot be assessed because Defendants do no marketing with the mark.

## 4.  Likelihood of Confusion is Plausibly Alleged

Two of the *Lapp* factors (1 and 2) indicate likelihood of confusion in favor of Plaintiff, with most factors (3, 4, 6, 7, 8 and 9) being inapplicable because Defendants abandoned the Javy Coffee Stylized Mark.  No factor weighs in Defendants' favor.  Likelihood of confusion between the Javy Coffee Stylized Mark and JAVO is thus plausible on the face of the Complaint.[10]  *See, e.g.*, *Opticians*, 920 F.2d at 195 ("Where the owner of the trademark and the infringer deal in

---

[10] The PTO's registration of the Javy Coffee Stylized Mark is of little weight.  *See, e.g.*, *Kos*, 369 F.3d at 715 ("an initial PTO determination may be considered but need not be given weight when the PTO attorney did not review all the evidence available to the District Court.") (quotes omitted).

competing goods or services, the court need rarely look beyond the mark itself.").

In any event, the Plaintiff's claim for cancellation cannot be dismissed, as Defendants abandoned the Javy Coffee Stylized Mark, which alone is a sufficient ground for cancellation.

## IV.        Count III Does Not Constitute "Shotgun" Pleading

Count III comprises common law trademark infringement and unfair competition.  This does not constitute "shotgun" pleading, because Defendants are not left guessing which facts apply to each claim.

The elements of common law trademark infringement are the same as federal trademark infringement, and the factual allegations supporting the claim are discussed in detail in section II. *Rockland*, 835 F. Supp. at 188 (same elements).  The elements of common law unfair competition are "that the plaintiff has a reasonable expectancy of entering a valid business relationship, with which the defendant wrongfully interferes, and thereby defeats the plaintiff's legitimate expectancy and causes him harm."  *Deston Therapeutics LLC v. Trigen Labs., Inc.*, 723 F. Supp. 2d 665, 676 (D. Del. 2010).  The business expectancy is adequately alleged, as Plaintiff has become an industry leader in the coffee business with an exclusive right to control JAVO, and has a reasonable expectancy of continued exclusive control of JAVO and exclusive benefit from the valuable goodwill associated with JAVO. D.I. 1 ¶¶ 15, 17, 20; *see Deston*, 723 F. Supp. 2d at 676 ("Plaintiffs have alleged a business expectancy by asserting that Auralgan 'has become a leading prescription product.').  Defendants have wrongly interfered by their unauthorized use of JAVY, which has damaged JAVO and defeated Plaintiff's exclusive right to control and benefit from JAVO.  D.I. 1 ¶¶ 31-35, 53, 63, 65-66.

Defendants need not guess as to which facts support the claims, and thus there is no basis to dismiss Count III.

**V.       Unjust Enrichment is Sufficiently Pleaded – Count VI**

The elements of unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and impoverishment; (4) absence of justification; and (5) absence of a legal remedy. *Trevino*, 583 F.Supp.2d at 533-34.  Plaintiff has alleged these elements as follows. *(1) Enrichment*: Defendants have been enriched by their ability to promote and sell coffee using the substantial goodwill associated with JAVO. *E.g.*, D.I. 1 ¶¶ 63, 66. *(2) Impoverishment*: Plaintiff's impoverishment is the damage to JAVO's value and goodwill, and to Plaintiff's business reputation. *E.g.*, D.I. 1 ¶¶ 34, 53, 66. *(3) Relation*: The enrichment and the impoverishment are related in that both stem from Defendants' wrongful use of JAVY. *E.g.*, D.I. 1 ¶ 94. *(4) No Justification*: Defendants' wrongful use of JAVY has no justification, as Plaintiff never authorized Defendants' use of JAVY. *E.g.*, D.I. 1 ¶ 33. *(5) No Legal Remedy*: Plaintiff has no adequate legal remedy for Defendants' damage to the goodwill associated with JAVO and to Plaintiff's business reputation. *E.g.*, D.I. 1 ¶ 66.

Plaintiff has thus sufficiently pleaded a claim for unjust enrichment.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' motion to dismiss in its entirety.  To the extent the Court grants any part of Defendants' motion, Plaintiff requests leave to amend, which is not futile. *Phillips*, 515 F.3d at 245 ("It does not matter whether or not a plaintiff seeks leave to amend. We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

Dated: June 28, 2022

BROWN MCGARRY NIMEROFF LLC

_/s/ Jami B. Nimeroff_
Jami B. Nimeroff (#4049)
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
302-428-8142
jnimeroff@bmnlawyers.com

*Attorneys for Plaintiff*
*Javo Beverage Company, Inc.*

OF COUNSEL:

Joshua J. Richman (*admitted pro hac vice*)
IPLA, LLP
50 California Street, Suite 1500
San Francisco, California 94111
415-580-6171 x112
jrichman@ipla.com

Robin Phillips (*admitted pro hac vice*)
PHILLIPS LEX
11755 Wilshire Blvd., Suite 1250
Los Angeles, California 90025
213-340-5324
robin.phillips@phillipslex.com