IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAVO BEVERAGE COMPANY, INC.,

    Plaintiff,

v.

JAVY COFFEE COMPANY and JAVY COFFEE LLC,

    Defendants.

C.A. No. 22-547-RGA

## MEMORANDUM ORDER

Before me is Defendants' motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). (D.I. 20). The motion has been fully briefed. (D.I. 21, 22, 23). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

Plaintiff Javo Beverage Company is a manufacturer and distributor of coffee and coffee-related goods, such as coffee concentrates, brews, and extracts. Plaintiff has marketed its products under the wordmark "JAVO." (D.I. 1 at 3). Plaintiff owns U.S. Trademark Registration Nos. 2,770,052, 3,094,745, and 6,380,252, and has a pending application Serial No. 90,206,690 for different marks that contain the word "JAVO," as well as the wordmark "JAVO." (*Id.* at 3-4).

Defendants Javy Coffee Company and Javy Coffee, LLC (collectively, "Javy" or "Defendants") also market, distribute, and sell coffee and coffee-related goods. (D.I. 1 at 6; D.I. 21 at 2-3). Defendants market their products under the wordmark "JAVY" and own U.S. Trademark Registration No. 6,514,951 (the "Javy Coffee Stylized Mark"). (D.I. 1 at 6-8; D.I. 21 at 2-3).

Plaintiff filed its Complaint alleging that Defendants' use of "JAVY" and the Javy Coffee Stylized Mark infringes Plaintiff's trademarks. Specifically, Plaintiff claims: (1) trademark infringement under 15 U.S.C. § 1114(1), (2) unfair competition under 15 U.S.C. § 1125(a), (3) common law trademark infringement and unfair competition, (4) unfair competition under Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532, (5) Defendants' trademark should be canceled under 15 U.S.C. § 1119, and (6) unjust enrichment. (D.I. 1 at 9-16).

Defendants filed the pending motion to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the counterclaim complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Defendants assert four arguments for dismissing Plaintiff's claims.

I will address them one at a time.

First, Defendants argue that Counts I-V of the Complaint should be dismissed because Plaintiff has failed to plausibly allege the existence of a likelihood of confusion between Defendants' marks and Plaintiff's marks. (D.I. 21 at 5-17; D.I. 23 at 1-8).

To make out a claim for trademark infringement and unfair competition under the Lanham Act, Plaintiff must show that Defendants' mark will cause a likelihood of confusion. *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); *see also Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708-09 (3d Cir. 2004). Courts in the Third Circuit use the *Lapp* factors to assess the likelihood of confusion. *A & H Sportswear*, 237 F.3d at 215. The *Lapp* factors that are discussed in the parties' briefs are (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark, (3) the intent of the defendant in adopting the mark; (4) the evidence of actual confusion, (5) the extent to which the targets of the parties' sales efforts are the same; (6) the relationship of the goods in the minds of consumers, whether because of the near-identity of the products, the similarity of function, or other factors. (D.I. 21 at 7-17; D.I. 22 at 6-15; D.I. 23 at 1-8). "None of these factors is determinative in the likelihood of confusion analysis and each factor must be weighed and balanced one against the other." *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 280 (3d Cir. 2011).

I find Plaintiff's allegations of likelihood of confusion to be plausible. Javo and Javy, both made-up words (which might be suggestive of java, a term often used to refer to coffee), could

easily be confused.[1] Both sides are in the coffee business. There are additional pleadings that are harder to evaluate at this stage of the case. I do not think assessing the likelihood of confusion from a full-blown *Lapp* factors analysis is appropriate. Plaintiff does not have to prove its case in its complaint. "[T]he existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) (citation omitted). I agree. The motion to dismiss for failure to plausibly allege likelihood of confusion is denied.

Second, Defendants argue that Count III – alleging common law trademark infringement and unfair competition – should be dismissed because it impermissibly combines two discrete legal claims into a single count and is a disfavored "shotgun pleading." (D.I. 21 at 17-18; D.I. 23 at 9). I do not think Defendants are right that it is a "shotgun pleading."[2] Neither party cites a case for the simpler question of, what happens if Plaintiff pleads two different claims in the same count? Generally speaking, the Federal Rules appear to be fairly non-technical about related issues: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." FED. R. CIV. P. 8(d)(2). Thus, in the absence of citation of any case law directly supporting Defendants' position on this issue, I deny the motion

---

[1] I do not now need to decide whether the mark is "suggestive" or "fanciful."

[2] Defendants cite to *Adger v. Carney*, 2020 WL 1475422 (D. Del. Mar. 26, 2020) (the persuasiveness of which was diminished by the subsequent decision in *Adger v. Coupe*, 2022 WL 777196 (3d Cir. Mar. 14, 2022)), *Digene Corp. v. Ventana Med. Sys.*, 476 F. Supp. 2d 444 (D. Del. 2007), and *Talley v. Harper*, 2017 WL 413069 (W.D. Pa. Jan. 31, 2017). Those cases, however, are distinguishable. For example, *Adger* and *Talley* concerned complaints that left defendants, and the court, "unaware of who exactly is being accused of what conduct" as they involved multiple accused defendants. *Adger*, 2020 WL 1475422, at *6-7; *see also Talley*, 2017 WL 413069, at *2 (noting the complaint "does not set out separate claims but rather offers sweeping allegations about a litany of wrongdoings"). Given that the claims here stem from the same alleged conduct, I find that neither the Court, nor the Defendants, are left to guess which facts are underlying each claim of this Count.

to dismiss on this ground. If Defendants want to reargue the issue, they have two weeks to submit a brief with citation to relevant authorities.[3]

Third, Defendants assert that Count VI – alleging unjust enrichment – should be dismissed because the Complaint does not contain any facts to establish all the elements of an unjust enrichment claim. (D.I. 21 at 18-19; D.I. 23 at 10). One of the requirements for an unjust enrichment claim is that there be no adequate remedy at law. *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 533-34 (D. Del. 2008). The unjust enrichment claim is simply a recharacterization of the trademark claims. The trademark claims, if proven, provide for an adequate remedy at law. If the trademark claims are unproven, then Defendants have done nothing wrong. The motion to dismiss the unjust enrichment claim is granted.

Fourth, in their Reply Brief, Defendants argue that Plaintiff has failed to allege facts that Defendants abandoned the Javy Coffee Stylized Mark. (D.I. 23 at 8). It is too late to be making new arguments in the Reply Brief. The motion to dismiss for failure to allege facts about abandonment is denied.

The motion to dismiss (D.I. 20) is GRANTED in part and DENIED in part. Count VI is DISMISSED.

IT IS SO ORDERED this 25th day of January 2023.

                                                                           /s/ Richard G. Andrews
                                                                           United States District Judge

---

[3] Defendants make an additional argument in their Reply Brief about the sufficiency of the pleading, but, since they did not make it in their Opening Brief, I do not consider it.