**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAVO BEVERAGE COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 22-547-RGA |
| | ) | |
| JAVY COFFEE COMPANY and JAVY | ) | **JURY TRIAL DEMANDED** |
| COFFEE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS JAVY COFFEE COMPANY AND JAVY COFFEE LLC'S ANSWER TO
PLAINTIFF JAVO BEVERAGE COMPANY, INC.'S COMPLAINT**

Defendants Javy Coffee Company and Javy Coffee LLC (collectively, "Javy") submit this Answer and Counterclaims and respond to Plaintiff Javo Beverage Company, Inc.'s ("JBC") Complaint as follows:

**NATURE OF THE ACTION**

1.      Javy admits that this is an action for alleged trademark infringement, alleged unfair competition, alleged deceptive trade practices, alleged unjust enrichment and alleged cancellation of U.S. Trademark Registration No. 6,514,951. Javy denies any allegation of trademark infringement, unfair competition, deceptive trade practices, unjust enrichment, or trademark cancellation. Javy denies that JBC is entitled to injunctive relief and/or damages for the claims stated in its Complaint.

**THE PARTIES**

2.      Javy is without information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint and, therefore, denies the same.

3.      Admitted.

41140280.2

4.      Javy admits that Javy Coffee LLC was a South Carolina limited liability company with its principal place of business at 1501 Haines Street Jacksonville, Florida 32206.

5.      Javy admits that Javy Coffee LLC is dissolved, and that Javy Coffee Company is the successor entity to Javy Company LLC, and denies all remaining allegations in Paragraph 5 of the Complaint.

6.      Javy admits that Javy Coffee Company and Javy Coffee LLC (when it existed): (i) had the same address for their principal place of business in Florida; (ii) had the same two people as owners, members, managers, executives, and officers, namely Justin Kemperman and Brandon Monaghan; (iii) engaged in the same line of business namely, making and selling the same coffee products; and (iv) had the same website, namely https://javycoffee.com. Javy denies the remaining allegations of Paragraph 6 of the Complaint.

## ALLEGED JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint states a legal conclusion to which no response is required. For purposes of this action, Javy does not contest this Court's subject matter jurisdiction over JBC's claims.

8.       Paragraph 8 of the Complaint states a legal conclusion to which no response is required.  For purposes of this action, Javy does not contest this Court's supplemental jurisdiction over JBC's claims

9.      Paragraph 9 of the Complaint states a legal conclusion to which no response is required. For purposes of this action, Javy does not contest personal jurisdiction in this Court.

10.     Paragraph 10 of the Complaint states a legal conclusion to which no response is required. For purposes of this action, Javy does not contest venue.

41140280.2

## JBC'S ALLEGATIONS

### JBC's Alleged Trademarks and Business

11.     Javy is without information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint and, therefore, denies the same.

12.     Javy is without information sufficient to admit or deny the allegations of Paragraph 12 of the Complaint, and therefore, denies the same.

13.     Paragraph 13 states a conclusion to which no response is required.

14.     Javy admits that Exhibits A – C to JBC's Complaint appear to be copies of trademark registration certificates. Javy is without information sufficient to admit or deny the remaining allegations in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     The allegations in Paragraph 15 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Javy is without information sufficient to admit or deny any factual allegations in Paragraph 15 and, therefore, denies the same.

16.     The allegations in Paragraph 16 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Javy is without information sufficient to admit or deny any factual allegations in Paragraph 16 and, therefore, denies the same.

17.     Javy is without information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint and, therefore, denies the same.

18.     Javy is without information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint and, therefore, denies the same.

19.     Javy is without information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint and, therefore, denies the same.

41140280.2

20.     Javy is without information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and, therefore, denies the same.

21.     Javy is without information sufficient to admit or deny the allegations of Paragraph 21 of the Complaint and, therefore, denies the same.

22.     Javy is without information sufficient to admit or deny the allegations of Paragraph 22 of the Complaint and, therefore, denies the same.

**<u>Defendants' Alleged Infringing Conduct</u>**

23.     Javy admits that, since at least as early as October 2020, Javy has marketed and sold high-quality, ethically and sustainably sourced, convenient coffee concentrates under the word mark "JAVY" and the registered design mark embodied in U.S. Registration No. 6,514,951 ("the Javy Coffee Stylized Mark") (collectively, "the Javy Marks"). Javy is without information sufficient to admit or deny the remaining allegations of Paragraph 23 of the Complaint and, therefore, denies the same.

24.      Javy admits that it markets and sells coffee and coffee-related goods under the Javy Marks across the United States, including in Delaware. Javy denies that it "distributes" coffee and coffee-related goods, to the extent that "distribute" encompasses or implies wholesale or business-to-business sales.

25.     Admitted.

26.     Javy admits that the image in Complaint Paragraph 26 has appeared on Javy's website at https://javycoffee.com. Javy denies any allegation that this is the only image or advertising that appears on its website.

27.     Javy admits that it began using the JAVY word mark in commerce in or about October 2020. Javy is without information sufficient to admit or deny the remaining allegations of Paragraph 27 of the Complaint.

28.     Javy admits that the parties sell coffee and coffee-related goods and denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Javy admits that it sells high-quality, ethically and sustainably sourced, convenient coffee concentrates bearing the Javy Marks. Javy is without information sufficient to admit or deny the remaining allegations of Paragraph 29 of the Complaint.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Javy admits that the parties are not affiliated and have not authorized the other's sales of products, and denies that any such authorization is required.

34.     Denied.

35.     Denied.

36.     Javy admits that it owns the registered mark referenced in Paragraph 36 of the Complaint.

37.     Javy admits that it applied for the Javy Coffee Stylized Mark on November 5, 2020, and that the mark was registered on October 12, 2021, and that the registered mark was in actual use at the time of the registration. Javy admits that its use of the mark has been less than five years and denies any remaining allegations in Paragraph 37 of the Complaint.

38.     Denied.

39.     Denied.

41140280.2

40.    Javy admits that it received a letter from JBC on or about February 4, 2022, which made several unwarranted demands refuted by Javy.

41.    Admitted.

42.    Javy admits it has continued to use the Javy Mark and Javy Coffee Stylized Mark since receiving the February 4, 2022 letter from JBC. Javy admits that the parties have not authorized the sales of the other's products and denies that any such authorization is required. Javy denies any remaining allegations in Paragraph 42 of the Complaint.

## <u>COUNT I</u>
### (Alleged Federal Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1))

43.    Javy incorporates the preceding paragraphs by reference as though fully set forth herein.

44.    Javy is without information sufficient to admit or deny the allegations of Paragraph 44 of the Complaint.

45.    Javy is without information sufficient to admit or deny the allegations of Paragraph 45 of the Complaint.

46.    Javy admits that it began using the Javy Mark and the Javy Coffee Stylized Mark in or around October 2020, to market and sell its high-quality, ethically and sustainably sourced, convenient coffee concentrates.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

6

53.     Denied.

54.     Denied.

## COUNT II
**(Alleged Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

55.     Javy incorporates the preceding paragraphs by reference as though fully set forth herein.

56.     Javy is without information sufficient to admit or deny the allegations of Paragraph 56 of the Complaint.

57.     Javy is without information sufficient to admit or deny the allegations of Paragraph 57 of the Complaint.

58.     Denied.

59.     Javy admits that it uses the Javy Mark and the Javy Coffee Stylized Mark to market and sell its high-quality, ethically and sustainably sourced, convenient coffee concentrates.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

7

## COUNT III
**(Alleged Common Law Trademark Infringement and Unfair Competition)**

69.   Javy incorporates the preceding paragraphs by reference as though fully set forth herein.

70.   Denied.

71.   Denied.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

## COUNT IV
**(Alleged Unfair Competition under Delaware Deceptive Trade Practices Act—**
**6 *Del. C.* § 2532)**

77.   Javy incorporates the preceding paragraphs by reference as though fully set forth herein.

78.   Denied.

79.   Denied.

80.   Denied.

## COUNT V
**(Alleged Cancellation of Trademark Registration – Lanham Act § 37, 15 U.S.C. § 1119)**

81.   Javy incorporates the preceding paragraphs by reference as though fully set forth herein.

82.   Admitted.

83.   Denied.

41140280.2

84.     Denied.

85.     Denied.

86.     Denied.

87.     Javy is without information sufficient to admit or deny the allegations of Paragraph 87 of the Complaint.

88.     Admitted.

89.     Admitted.

90.     Denied.

91.     Denied.

92.     Denied.

**<u>COUNT VI</u>**
**(Alleged Unjust Enrichment)**

93.     This Count of the Complaint was dismissed, per the Court's Memorandum Order at D.I. 26, and the allegations of this Paragraph require no response from Javy.

94.     This Count of the Complaint was dismissed, per the Court's Memorandum Order at D.I. 26, and the allegations of this Paragraph require no response from Javy.

95.     This Count of the Complaint was dismissed, per the Court's Memorandum Order at D.I. 26, and the allegations of this Paragraph require no response from Javy.

96.     This Count of the Complaint was dismissed, per the Court's Memorandum Order at D.I. 26, and the allegations of this Paragraph require no response from Javy.

## ALLEGED PRAYER FOR RELIEF

Javy denies that Plaintiff is entitled to any relief listed in Paragraphs A through Q of the Complaint. Javy denies that Plaintiff is entitled to any relief for the claims and allegations it makes in the Complaint.

## JAVY'S AFFIRMATIVE DEFENSES

Javy incorporates by reference the preceding paragraphs by reference as though fully set forth herein and asserts the following affirmative and other defenses. By asserting these defenses, Javy does not admit it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Javy reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case. Javy reserves the right to amend and/or supplement these Affirmative Defenses as this case progresses and new information becomes known to it through discovery or otherwise.

1.      Javy does not now infringe, and has not infringed in the past, JBC's trademarks.

2.      JBC fails to state any claim upon which relief can be granted.

3.      JBC has not suffered any damages and/or has failed to mitigate its damages.

4.      JBC knew of Javy's use of the JAVY word mark from at least October 2020, when the parties discussed whether JBC could supply coffee concentrate to Javy. Still, JBC did not bring this lawsuit until April 2022. JBC's Complaint is barred, in whole or in part, by laches, estoppel, waiver, and/or acquiescence.

## ATTORNEYS' FEES

Javy requests an award of the attorneys' fees and costs it has incurred in the defense of this action pursuant to the Lanham Act.

41140280.2

## COUNTERCLAIM

Counterclaim-Plaintiff Javy Coffee Company ("Javy") hereby brings the following counterclaim against Counterclaim Defendant Javo Beverage Company, Inc. ("JBC").

## THE PARTIES

1.      On information and belief, JBC is a Delaware corporation with its headquarters at 1311 Specialty Drive, Vista, California 92081.

2.      Javy Coffee Company is a corporation incorporated in Delaware with its principal place of business at 1501 Haines Street, Jacksonville, Florida 32206.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment of no trademark infringement, arising under the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, as well as the Lanham Act, 15 U.S.C. § 1051 et seq.

4.      Based on the allegations in the Complaint, this court also has subject matter jurisdiction over the counterclaims asserted herein under 28 U.S.C. §§ 1331, 1338(a), and 1367.

5.      On April 27, 2022, JBC filed its Complaint in the United States District Court for the District of Delaware, alleging, *inter alia*, that Javy infringed JBC's federal, state and/or common law trademark rights.

6.      This Court has personal jurisdiction over JBC because it is a Delaware corporation (with a registered agent for service of process in Delaware) and because it filed the instant lawsuit in this District.

7.      Because JBC sued Javy for alleged infringement of its federal, state and/or common law trademark rights in the present action, there is an actual, continuing, and justiciable

41140280.2

controversy between JBC, on the one hand, and Javy, on the other, concerning the alleged infringement of JBC's trademark rights.

## GENERAL ALLEGATIONS

### Javy's Products

10.     Javy sells high-quality, convenient coffee concentrates, made from coffee that is ethically and sustainably sourced from farms that prioritize regenerative farming practices.

11.     Javy sells its products directly to the general public, primarily through a membership-based service where individual consumers purchase and are shipped bottles of coffee concentrate on a recurring basis.

12.     Javy's sales take place primarily through its website, https://javycoffee.com.

13.     Javy also sells to the general public through online retail sites like Amazon.com.

14.     Javy coffee concentrates have been on the market since late 2020. Since first launching its products over two years ago, Javy has earned a significant reputation for quality. For example, Javy has over 23,000 customer reviews recorded on its website (averaging 4.8 out of 5 stars). Javy has been favorably reviewed by significant media outlets, including BuzzFeed, House Beautiful, and the Los Angeles Times.

15.     Javy owns U.S. Registration No. 6,514,951 ("the Javy Coffee Stylized Mark"). Javy also markets and sells its products under the JAVY word mark. Collectively, the Javy Coffee Stylized Mark and the JAVY word mark are referred to as the "Javy Marks."

16.     Below are examples of Javy's advertising and products. Among other places, this advertising is displayed, and these products are sold to the general public, on Javy's website at https://javycoffee.com.

41140280.2






**Good Things Tote**

Sold Out



**Caramel Brulee**

$24.95

Sold Out

**Tumbler**

$15.95

Add To Cart

## How We Compare

The future of coffee is better tasting, hassle-free, and ready to make - anywhere and anytime.

| | javy | CUPS | COFFEE PODS |
|---|---|---|---|
| FAST, EASY, AND CONVENIENT | ✓ | ⊗ | ⊗ |
| SUPPORTS AND EDUCATES FARMERS | ✓ | ⊗ | ⊗ |
| HELPS REBUILD THE ENVIRONMENT | ✓ | ⊗ | ⊗ |
| MAKES COLD BREW AND HOT COFFEE | ✓ | ⊗ | ⊗ |
| NO COFFEE MAKERS NEEDED | ✓ | ⊗ | ⊗ |
| AMOUNT OF SERVINGS | 30 | 1 | 1 |
| PRICE PER CUP | $0.70 | $1.00 | $0.87 |
| MINIMALISTIC | ✓ | ⊗ | ⊗ |



13

17.     Javy's use of the Javy Marks has been substantially exclusive and continuous over their period of use. Accordingly, consumers view Javy as the exclusive source of coffee concentrate products branded with the Javy Marks. Javy owns valuable goodwill in the Javy Marks.

18.     The Javy Marks also signify to customers that Javy's products offered under the Javy Marks are of high quality, and contain ethically and sustainably sourced coffee from farms that prioritize regenerative farming practices.

**JBC's Products**

19.     On information and belief, JBC is a company that produces coffee, tea, and other botanical extracts. On information and belief, JBC sells these extracts on a wholesale basis to other businesses—in other words, JBC sells its products in a "business-to-business" channel instead of a "business-to-consumer" channel.

20.     On information and belief, JBC does not market, sell, or offer to sell any products, coffee or otherwise, directly to individual consumers or the general public. Its website offers no way for individual consumers to buy a JBC product.

21.     JBC's website instead offers a contact form so that an interested person may contact JBC. (*See, e.g.* https://www.javobeverage.com/coffee-products/cold-brew/ (accessed February 7, 2023).) Indeed, the contact form on JBC's website asks that any interested person selects their business type, from a drop-down list of businesses including "Manufacturer" and "National chain":



22.    JBC's website describes the various businesses to whom JBC sells as follows:



(*See*   https://www.javobeverage.com/applications-channels/channels/   (accessed   February   7,

2023).)

23.     JBC's website also describes the businesses that form its customer base as follows: "Our food service customers include roasters, restaurant and coffee shop chains, convenience stores, distributors and non-commercial operators in healthcare and gaming. Our bulk ingredient customers include consumer packaged goods brands and food and beverage manufacturing companies." (*See* https://www.javobeverage.com/applications-channels/channels/ (accessed February 7, 2023).)

24.     JBC purports to own several trademark registrations that comprise or contain the word "Javo," including Registration Nos. 2,770,052, 3,094,745, 6,380,252. JBC purports to own Serial No. 90,206,990, a trademark application.

25.     The term "java" is generic for coffee.

26.     JBC's purported marks exist amid pervasive third-party use of "JAV"-formative marks in the coffee and coffee-related goods market. Widespread use of the term "java" and related "JAV"-formative words in the coffee and coffee-related goods market at issue renders JBC's purported marks conceptually weak.

## JBC Delayed in Bringing this Suit

27.     In October and November 2020, as Javy was getting underway in its business of offering JAVY coffee to the general public, Javy and JBC discussed a potential business relationship whereby JBC would supply Javy's coffee concentrates. Specifically, Justin Kemperman and Brandon Monaghan, Javy's principals, spoke with, at least, Kelly Brennan from JBC. At the time, Ms. Brennan was the "Director of Ingredients and Flavors" at JBC.

28.     The discussions of a potential vendor-buyer relationship between JBC and Javy extended over several months with the parties discussing price, caffeine levels, and other particulars of the coffee product that JBC was interested in selling to Javy.

29.     Ultimately, the parties could not reach agreement on price point and product specifications for a coffee concentrate product in their October/November 2020 discussions. Ms. Brennan ended her email conversation with Mr. Kemperman and Mr. Monaghan: "I look forward to trying your product at a store near me in the future."

30.     In May 2021, Javy again contacted JBC, this time inquiring as to whether JBC could bottle Javy's coffee concentrates in 8-ounce bottles. JBC was unable to provide this service; it could only provide "Bulk Packaging," with its smallest packaging option being a "5 gallon pail."

31.     At no time during the parties' discussions (which extended from October 2020 to May 2021) did JBC ever raise or mention any issue or concern with Javy's use of its JAVY trademark.

32.     Instead, *sixteen* months after the first discussions between the parties and sixteen months after JBC knew of Javy's use of the JAVY word mark in connection with coffee concentrate products, JBC sent an out-of-the-blue demand letter to Javy, requesting that Javy cease and desist from any further use of the JAVY word mark.

33.     In April 2022, approximately two and a half years after JBC knew of Javy's use of the JAVY mark, JBC filed this instant lawsuit.

**There is No Likelihood of Confusion Between Javy's and JBC's Products**

34.     There are clear differences in sound, appearance and commercial impression between JBC's purported JAVO marks and the Javy Marks. For example, the Javy Coffee Stylized Mark consists of two words (whereas JBC's consist of one word), four syllables (whereas JBC's contain two syllables), and ten letters (whereas JBC's contains four letters). More, the Javy Coffee Stylized Mark is visually distinct from JBC's Marks:

**JBC's purported JAVO marks**



**The Javy Coffee Stylized Mark**

35.     The market comprising coffee and coffee-related goods, including coffee concentrates, is extremely broad.

36.     Javy's products are specifically targeted towards the general public, who are individual consumers seeking a recurring membership or subscription to purchase convenient, ethical, and sustainable coffee concentrate.

37.     JBC is a company that markets and sells to other businesses in the food service and bulk ingredient industries, including food service businesses and food and beverage manufacturing companies.

38.     Javy's web-based, membership/subscription sales of coffee concentrates to targeted individual consumers places Javy in a distinct channel of trade that is separate from, and does not overlap with, JBC's food services/bulk ingredient channel.

39.     The parties' respective marketing messages, advertising, and target audiences are distinct and different. JBC's Complaint alleges its advertising appears on commercial coffee machines. (*See* D.I. 1 ¶ 19.) On information and belief, JBC also advertises at trade shows like the annual show for the National Association of Convenience Stores (NACS). Javy's advertising appears, in part, on its products and packaging, although Javy also advertises online through its website and through channels like Amazon.com:

41140280.2

**Examples of JBC Advertising[1]**



**Examples of Javy Advertising**



40.     The parties' respective channels of trade are distinct and different. Primarily, Javy sells its product directly to individual consumers in the general public. JBC sells via wholesale channels to other businesses in the food and beverage industry.

41.     Consumers of Javy's products are socially and environmentally conscious and deliberate when selecting food, making them discerning and careful shoppers as compared to the typical consumer of coffee products.

---

[1] *See* Javo Beverage Company, LINKEDIN (Sept. 2022), https://www.linkedin.com/posts/javo-beverage_nacsshow2022-conveniencestores-coldbrewcoffee-activity-6981288699200229376-ECrS.

41140280.2

42.     On information and belief, those who buy JBC's products are also discerning and careful shoppers, as they consist of professional buyers and/or corporate representatives who are likely to engage JBC in detailed negotiations before completing a purchase or entering a supply contract.

43.     JBC's purported trademarks exist among pervasive third-party use of "JAV"-formative marks in the coffee and coffee-related goods market, and accordingly, are conceptually weak.

44.     Despite two and a half years of co-existence, during which each party advertised and sold their products in their respective trade channels, Javy has not experienced a single instance of any consumer or person being confused or mistaken between the parties to this lawsuit or their products.

45.     Similarly, and not surprising, JBC has alleged no instances of actual confusion caused by the Javy Marks.

## **FIRST CLAIM FOR RELIEF**
### **(Declaratory Judgement for No Trademark Infringement)**

46.     Javy incorporates the preceding paragraphs of the Counterclaims by reference as if they were set forth in full herein.

47.     There is no likelihood of confusion between Javy's products and JBC's products.

48.     Javy's use of the JAVY word mark and the Javy Coffee Stylized Mark does not infringe any protectible trademark rights owned by JBC.

49.     By reason of the existence of an actual and justiciable controversy and the facts more fully set forth above, Javy is entitled to, and the Court should order, a declaration that Javy's use of the JAVY word mark and the Javy Coffee Stylized Mark does not infringe or violate any

41140280.2

existing trademark right owned by JBC under any federal law (including the Lanham Act, 15

U.S.C. § 1114), state statute, or common law rights.

50.      By reason of the existence of an actual and justiciable controversy and the facts

more fully set forth above, Javy is entitled to, and the Court should order, a declaration that Javy's

use of the JAVY word mark and the Javy Coffee Stylized Mark does not violate the Lanham Act,

15 U.S.C. § 1125(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff Javy respectfully requests judgment in its favor and

against Counterclaim-Defendant JBC as follows:

A.      That the Court issue a declaration that Javy has not and does not infringe any
trademark rights of JBC under any state statute, common law, or the Lanham Act,
including 15 U.S.C. §§ 1114 and 1125(a);

B.      That the Court issue a declaration that no likelihood of confusion exists as between
Javy's use of the JAVY Word Mark and the Javy Coffee Stylized Mark in
connection with its sales of coffee and coffee-based goods, and JBC's use of its
trademarks, in connection with its sales of coffee and coffee-based goods;

C.      That the Court award Javy its attorneys' fees pursuant to 15 U.S.C. §1117 because
this case is exceptional;

D.      That the Court award Javy its costs;

E.      That Javy be awarded such other and further relief as the Court may deem just
proper.

**SAUL EWING LLP**

*/s/ Michelle C. Streifthau-Livizos*
William E. Manning (#697)
James D. Taylor, Jr. (#4009)
Michelle C. Streifthau-Livizos (#6584)
1201 North Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6819
william.manning@saul.com
james.taylor@saul.com
michelle.streifthau-livizos@saul.com

OF COUNSEL:

Timothy P. Getzoff
Ellen K. Levish
**HOLLAND & HART LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
tgetzoff@hollandhart.com
eklevish@hollandhart.com

*Attorneys for Defendants Javy Coffee
Company and Javy Coffee LLC*

Mark C. Johnson
Veronika Balbuzanova
**JOHNSON | DALAL**
111 N. Pine Island Road
Suite 105
Plantation, FL 33324
Tel: (954) 507-4500
Fax: (954) 507-4502
vb@johnsondalal.com
mj@johnsondalal.com

Date: February 8, 2023

41140280.2