IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAVO BEVERAGE COMPANY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-547-RGA ) |
| JAVY COFFEE COMPANY, and JAVY COFFEE LLC, | ) ) ) ) |
| Defendants. | ) |

**SCHEDULING ORDER**

This 24th day of February, 2023, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before July 28, 2023.

3. <u>Discovery</u>.

   a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before February 1, 2024.

   b. <u>Document Production</u>. Document production shall be substantially complete by December 1, 2023.

c.  Requests for Admission. A maximum of 35 requests for admission are permitted for each side. Each side may submit additional requests for admission under Rule 36(a)(1)(B) as necessary relating to genuineness of documents.

d.  Interrogatories. A maximum of 35 interrogatories, including contention interrogatories, are permitted for each side. No contention interrogatory shall be served more than 30 days before the substantial completion of document production on December 1, 2023.

e.  Depositions.

  i.  Limitation on Hours for Deposition Discovery. Each side is limited to a total of 49 hours of taking testimony by deposition upon oral examination, with no more than seven (7) depositions allowed per side. These limitations shall not apply to expert testimony.

  ii.  Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f.  Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than ten (10) business days prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in

dispute and its position on those issues. By no later than five (5) business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery procedures set forth in this Order.

4.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.      Disclosure of Expert Testimony.

a.      Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 1, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 2, 2024.  Reply expert reports from the party with the initial burden of proof are due on or before September 6, 2024.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before November 1, 2024.

b.      Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than January 17, 2025, unless otherwise ordered by the Court.  All responsive

papers on any such *Daubert* motions shall be served and filed on or before February 28, 2025. All reply papers on any such *Daubert* motions shall be served and filed on or before March 28, 2025.

7. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before January 17, 2025. All responsive papers on case dispositive motions shall be served and filed on or before February 28, 2025. All reply papers on dispositive motions shall be served and filed on or before March 28, 2025. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions.

8. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. Pretrial Conference. On May 23, 2025, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the

motion *in limine*. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

12. <u>Trial</u>. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on June 2, 2025, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

13. <u>Mediation</u>. The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one

week before the pretrial conference. The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE